In the Matter of DAVID LIHN, an Attorney, Respondent. DE-PARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 2, 1992

**APPEARANCES OF COUNSEL**

*Hal R. Lieberman* for petitioner.

*David Lihn,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent David Lihn, was admitted to the practice of law in New York by the Appellate Division, First Judicial Department, on June 30, 1972.

By affidavit dated December 19, 1991, respondent requests

an order pursuant to 22 NYCRR 603.11 permitting him to resign as a member of the Bar of the State of New York. As required by 22 NYCRR 603.11, respondent states (1) that he is the subject of a Departmental Disciplinary Committee (DDC) investigation, (2) that he could not successfully defend himself on the merits if charges were brought, (3) that his resignation is freely and voluntarily submitted, (4) that he has not been subjected to coercion or duress, and (5) that he is fully aware of the implications of submitting his resignation.

The specific circumstances which compel respondent's resignation concern the improper handling of clients' funds. First, respondent admits that from January 1986 through July 1987, he "borrowed" an amount "which never exceeded $47,000" from an estate account. He paid back the money in full with interest, apparently without delaying the distribution or closing of the estate in March 1988. Restitution had been made prior to the DDC investigation. Second, respondent admits that he "inadvertently" and "incorrectly" deposited two payments, $10,000 and $41,000, respectively, that were to be applied toward the purchase of a $510,000 condominium, from his client into his office operating account. Thus, these client funds were improperly commingled with his office operating funds. Moreover, during the weeks that these moneys were improperly in his office operating account, that account's balance fell below the amount of the purchase payments. The check that respondent presented to his client at the closing on March 4, 1988, was returned due to insufficient funds. Respondent again made restitution plus interest for the week that his client was delayed in receiving payment. The client was not satisfied and filed a complaint with the DDC.

The DDC supports respondent's request to resign, acknowledges that the charges are very serious and deems his resignation is in the interest of justice. As a point of clarification, the DDC states that a total of $67,000 was "borrowed" from the aforementioned estate account, although never more than $47,000 at one time.

Based upon the foregoing, the respondent's request to resign from the Bar of the State of New York is granted on consent and his name is stricken from the roll of attorneys forthwith. (22 NYCRR 603.11.)

MILONAS, J. P., ROSENBERGER, WALLACH, SMITH and RUBIN, JJ., concur.

Respondent's resignation is accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective April 2, 1992.